JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Karlos Jordan pleaded guilty to one count of attempted drug trafficking, a third-degree felony in this case, and was sentenced to three years' incarceration, with credit for time served. Jordan now appeals his sentence. He asserts in his sole assignment of error that the statutes authorizing bad time and post-release control, R.C. 2967.11 and R.C. 2967.28, respectively, are unconstitutional.
The Ohio Supreme Court in Woods v. Telb[1] declared R.C.2967.28 constitutional. Thus, we overrule Jordan's assignment concerning that statute.
In State ex rel. Bray v. Russell,[2] the Ohio Supreme Court declared R.C. 2967.11 unconstitutional. Based Bray, and for reasons of judicial economy (it is easier for the trial court to include an order in its sentencing entry than to entertain a later habeas corpus proceeding), we sustain Jordan's assignment regarding 2967.11.[3] Because R.C. 2967.11 is contrary to law, we hold that Jordan cannot be subjected to the imposition of bad time. We vacate his sentence and remand this case for the trial court to correct its sentencing entry to specifically state that Jordan is not subject to the imposition of bad time.
Therefore, we vacate Jordan's sentence remand this case to the trial court to correct Jordan's sentencing entry in accordance with this Judgment Entry. A certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] (2000) 89 Ohio St.3d ___, ___ N.E.2d ___.
[2] (2000), 89 Ohio St.3d 132, 729 N.E.2d 359.
[3] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported (defendant had standing to challenge R.C.2967.11, and the challenge was ripe).